Jay Bradford, Director Division of Behavioral Health Services Arkansas Department of Health and Human Services 4313 West Markham Little Rock, AR 72205-4096
Dear Mr. Bradford:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of a proposed interlocal agreement between the Arkansas Department of Human Services, Division of Behavioral Health Services, Research and Training Institute and the University of Arkansas for Medical Sciences. You have submitted copies of both proposed agreements, the terms of which provide for the parties' joint operation and support of specific undertakings that are in keeping with the mission of the Behavioral Health Research and Training Institute.
The Interlocal Cooperation Act, A.C.A. § 25-20-101 through-108 (Repl. 2002 Supp. 2005) provides for cooperative enterprises between or among "public agencies" — a term defined as including any "[a]gency of the state government." A.C.A. § 25-20-103(1)(C) (Supp. 2005). In my opinion, this designation would clearly apply to both parties to the proposed agreement.
The Act requires that interlocal agreements for joint or cooperative action specify the following items:
 (1) The duration of the agreement;
 (2) The purposes of the agreement; *Page 2 
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
 (5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c) (Repl. 2002).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
I am required by law to review the agreements for the purpose of determining whether they are in proper form, as described above, and are otherwise compatible with the laws of the state.
Having analyzed the agreements you have submitted, I find that they meet the above-outlined requirements of the law and are therefore in proper form. Accordingly, they are hereby approved as submitted. *Page 3 
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1